IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR,                                )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )
                                             )   Case No. 16-2180-CM
DARYL DAVIS, et al.,                         )
                                             )
            Defendants.                      )
_____)

**MEMORANDUM AND ORDER**

Plaintiff Joan E. Farr brings this action pro se, claiming defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and Huckleberry Homeowners Association ("HOA") violated her constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to deprive her of her rights by stealing her property and influencing the police to harass plaintiff. Defendants seek to have plaintiff's case dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 13). Defendants argue that plaintiff has failed to sufficiently plead a federal cause of action under 42 U.S.C. § 1983 because plaintiff has not adequately alleged that defendants were acting under color of state law. In addition, defendants ask the court to dismiss plaintiff's remaining state law claims for lack of subject matter jurisdiction.

**I.      Factual Background**

Plaintiff has lived in the Huckleberry Estates Addition, in Sedgwick County, Kansas since 1994. According to plaintiff, defendant HOA has a history of bullying certain residents, including her. Plaintiff states that she received permission to purchase sand and picnic tables for the public community area near her house. After both the sand and the picnic tables had deteriorated, plaintiff paid to have both replaced. Sometime after the tables had been in place for over ten years, plaintiff

-1-

alleges that defendants stole a replacement picnic table and destroyed the sandy beach area. Plaintiff also alleges that defendants are also responsible for the theft of her son's boat, as well as his friend's boat. Plaintiff further alleges that the HOA illegitimately raised dues, fixed HOA elections, enforced HOA by-laws that had been declared null and void, and that defendant Davis intentionally smashed her son's hand with a rock.

On June 23, 2015, plaintiff tried to file a claim with the HOA's insurance company. Plaintiff's complaint states:

> In retaliation, defendant Davis sought to harass plaintiff further. On or about June 24, 2015, he called the sheriff's office and urged them to arrest plaintiff's son at her home. At around 6 p.m. on June 25, 2015, approximately eight sheriff's officers surrounded plaintiff's house, drew their guns and began banging on her doors and yelling for her son to come out. . . . For almost an hour, officers continued to ring plaintiff's doorbell several hundred times, bang on her front door and inside garage door while yelling, and circl[e] her home looking in windows. At one point an officer shouted, "If he doesn't come out, we're coming in!" The sheriff's officers finally left, since they had no legal authorization to enter plaintiff's home.

(Doc. 1 at 11.)

Plaintiff claims that she has skin cancer, anxiety, a heart condition, and colon problems, which were exacerbated by defendants' conduct. Lastly, plaintiff's complaint specifically alleges that, "Acting under the color of state law pursuant to 42 U.S.C. § 1983, the defendants' participation in a plan to retaliate against plaintiff included influencing state actors to infringe on the plaintiff's civil rights protected by the 1st Amendment right to freedom of speech protected by the U.S. Constitution." (*Id*. at 16.)

## II.     Legal Standard

42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Where the defendants are private citizens, liability under 42 U.S.C. § 1983 requires a showing that defendants conspired with state actors—persons acting under color of state law—to deprive the plaintiff of her civil rights. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."). There are several tests for establishing the existence of state action under 42 U.S.C. § 1983, including a nexus test, a symbiotic relationship test, a joint action test, and a public function test. *See generally Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995). Plaintiff's factual allegations best are reviewed under the joint action test. The joint action test focuses on whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. *Id.* at 1453. Courts have applied the joint action test in two different ways; some courts have adopted the requirements for establishing a conspiracy under § 1983, whereas others have focused on the manner in which the alleged constitutional deprivation is effected. *Id.* at 1454.

Under the conspiracy approach, state action may be found if a state actor has participated in or influenced the challenged decision or action. *Id.* "The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of [plaintiff's] Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). A private party who is involved in such a conspiracy may be liable under 42 U.S.C. § 1983. *Id.*

Under the alternative approach, if there is a "substantial degree of cooperative action" between state and private officials, or if there is "overt and significant state participation" in carrying out the deprivation of the plaintiff's constitutional rights, state action is present. *Gallagher*, 49 F.3d at 1454 (internal citations omitted).

-3-

Under either approach, there is no joint action when private citizens have merely made complaints to police officers that resulted in arrests. *Carey v. Cont'l Airlines Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987). In *Carey*, the court granted summary judgment because the plaintiff did not allege facts from which the court might conclude that his arrest "resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Id.* By contrast, courts have found state action when the private party was not a mere complainant, but possessed and exerted influence over the police, and conspired with them to have the plaintiff arrested and detained illegitimately. *Wagenmann v. Adams*, 829 F.2d 196, 211 (1st Cir. 1987). In *Wagenmann*, the court used circumstantial evidence to support a finding that the defendant conspired with the police to have the plaintiff arrested and kept from interfering with the defendant's son's wedding. *Id.* at 209–11. The court found that the event was described in such a way as to permit a finding that the decision to arrest the plaintiff was a collective one, made by the police and the defendant in concert, rather than solely an official one. *Id.* at 211.

Where complaints to a police officer result in arrest, there is no state action where the evidence indicates that the police officer made an independent decision to make the challenged arrest. *Carey*, 823 F.2d at 1404. In contrast, in *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1429 (10th Cir. 1984), *vacated on other grounds*, 474 U.S. 805 (1985), the court concluded that a store security guard who reported a suspected shoplifter to the police was a state actor, noting that the arresting officer relied on the judgment of the security guard instead of making an independent investigation.

### III. Discussion

Defendants argue that plaintiff has failed to sufficiently plead a cause of action under 42 U.S.C. § 1983. More specifically, defendants state that plaintiff has failed to allege that any of defendants are

state actors or have acted under the color of state law.  Defendants cite cases stating that several other circuits have determined that homeowner's associations are not state actors by themselves.  Additionally, defendants state that plaintiff's claim under 42 U.S.C. § 1983 is the only federal claim, despite the fact that plaintiff alleges a conversion claim pursuant to 28 U.S.C. § 2415.  Defendants accurately state that 28 U.S.C. § 2415 is a limitations statute for actions involving the United States, and does not actually create a federal cause of action for conversion.  Lastly, defendants argue that because plaintiff has failed to sufficiently plead a federal cause of action, plaintiff's other claims should be dismissed for lack of subject matter jurisdiction.

Plaintiff is proceeding pro se.  The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

Plaintiff has pleaded a cause of action under 42 U.S.C. § 1983, as well as underlying facts that could potentially support such a claim.  Plaintiff's complaint states that defendant Davis called the sheriff's office and urged officers to arrest plaintiff's son at plaintiff's house.  Then, approximately eight officers surrounded plaintiff's house, drew their guns, and began banging on her doors and yelling for her son to come out.  This allegedly continued for almost an hour, with one of the officers shouting "If he doesn't come out, we're coming in!"  Lastly, the complaint states, "[T]he sheriff's officers finally left, since they had no legal authorization to enter plaintiff's home."  Taken together, and when the pro se plaintiff's complaint is construed liberally, plaintiff has alleged facts that could allow a reasonable jury to infer that defendants conspired together to successfully exert influence over

the police, and therefore should be treated as state actors under 42 U.S.C. § 1983. For all of these reasons, the court denies defendants' request for dismissal.

As a final note, after defendants filed their reply brief to the motion to dismiss, plaintiff filed a surreply without seeking leave to do so. Defendants moved to strike the surreply, (Doc. 18), arguing that surreplies are generally not allowed. (*See id.* at 1 (citing *Kansas v. United States*, No. 15-CV-04907-DDC-KGS, 2016 WL 1169436, at *16 (D. Kan. Mar. 22, 2016) (citing *Mansoori v. Lappin*, No. 04–3241–JAR, 2007 WL 401290, at *1 (D .Kan. Feb. 1, 2007)).) When the court permits a surreply, it is only when a party seeks leave to file a surreply and court finds that certain conditions are met. *See, e.g.*, *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("[A] nonmoving party should be given an opportunity to respond to new material raised for the first time in [a reply brief]."). Plaintiff did not seek leave, and the conditions justifying a surrepy are not present here. The court grants defendants' motion to strike, and has not considered plaintiff's surreply in ruling on the motion to dismiss.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion to Strike Surreply (Doc. 18) is granted. The court has not considered the surreply when ruling on defendants' motion.

Dated this 8th day of August, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**