# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOAN E. FARR, *et al.*,  )
                                                        )
              Plaintiffs,  )
v.  )    Case No. 16-2180-CM-KGG
                                                        )
DARYL DAVIS, *et al.*,  )
                                                        )
            Defendants.  )
_____  )

## REPORT & RECOMMENDATION
## OF DENIAL OF PLAINTIFF'S MOTION TO AMEND

Now before the Court is Plaintiffs' "Renewed Motion to Amend Complaint." (Doc. 36.) For the reasons set forth below, the undersigned Magistrate Judge **recommends** that the motion be **DENIED**.

## BACKGROUND

Plaintiff Joan Farr (hereinafter "Plaintiff") brings the present lawsuit, *pro se*, individually and on behalf of residents of the Huckleberry Estates addition to Derby, Kansas. (*See* Doc. 1.) Plaintiff alleges that Defendants violated her First Amendment rights and converted her private property. (*Id.*) She also brings a claim for "intentional emotional distress/tort of outrage." (*Id.*) Among her factual allegations is that Defendants influenced the police to harass her.

Defendants previously moved to dismiss Plaintiffs' claims, arguing that she failed to sufficiently plead a federal cause of action under 42 U.S.C. § 1983

because she did not adequately allege that Defendants were acting under color of state law. (*See* Doc. 13.) The District Court denied Defendants' motion, holding that

> Plaintiff has pleaded a cause of action under 42 U.S.C. § 1983, as well as underlying facts that could potentially support such a claim. Plaintiff's complaint states that defendant Davis called the sheriff's office and urged officers to arrest plaintiff's son at plaintiff's house. Then, approximately eight officers surrounded plaintiff's house, drew their guns, and began banging on her doors and yelling for her son to come out. This allegedly continued for almost an hour, with one of the officers shouting "If he doesn't come out, we're coming in!" Lastly, the complaint states, "[T]he sheriff's officers finally left, since they had no legal authorization to enter plaintiff's home." Taken together, and when the *pro se* plaintiff's complaint is construed liberally, plaintiff has alleged facts that could allow a reasonable jury to infer that defendants conspired together to successfully exert influence over the police, and therefore should be treated as state actors under 42 U.S.C. § 1983.

(Doc. 20, at 5-6.)

Plaintiff initially filed a motion to amend last fall, seeking leave to add violations of 18 U.S.C. § 242. That federal statute states:

> [w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. . . shall be fined under this title or imprisoned not more than one year, or both.

(Doc. 27, at 1.)  Soon thereafter, Plaintiff requested and received a stay of 120 days in this case because of persisting health issues and impending surgery.  (Docs. 31; *see also*, Doc. 32, text order granting stay.)  Plaintiff's then-pending motion to amend was denied without prejudice as a result of the stay.  (Doc. 34, text entry.)

Following the expiration of the stay, Plaintiff has re-filed her motion to amend.  (Doc. 36.)  Defendants object to the requested amendment, arguing that 18 U.S.C. 242 "authorizes criminal prosecution for various acts; it does not authorize a private right of action."  (Doc. 37, at 1.)

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Fed.R.Civ.P. 15(a).  The granting of an amendment is withing the sound discretion of the court.  See **First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc.**, 820 F.2d 1127, 1132 (10th Cir.1987).  The United States Supreme Court has, however, indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." **Foman v. Davis**, 371 U.S. 178, 182 (1962).  "In determining whether to grant leave to amend, this Court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause

the opposing party, and the futility of amendment." *Id.* at 182; *see also* **Jarrett v. Sprint/United Mgmt. Co.**, No. 97–2487–EEO, 1998 WL 560008, at *1 (D.Kan.1998).

Defendants argue that Plaintiff "cannot pursue a private right of action against Defendants pursuant to 18 U.S.C. 242." The Court agrees. *See* **Perkins v. Univ. of Kansas Med. Ctr.**, No. 13-2530-JTM, 2014 WL 1356042, at *4 (D. Kan. Apr. 7, 2014) (citing **Figueroa v. Clark**, 810 F.Supp. 613, 615 (E.D. Pa.1992) (no private cause of action for alleged violations of 18 U.S.C. § 241 and 18 U.S.C. § 242)). Plaintiff's proposed amendment is, therefore, futile because it would not withstand a motion to dismiss. The Court thus **recommends** that the District Court **DENY** Plaintiff's motion. (Doc. 36.)

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Renewed Motion to Amend Complaint (Doc. 36) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, the parties shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, their written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Any party's failure

to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED.**

Dated at Wichita, Kansas, on this 22nd day of February, 2017.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge