# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-2180-CM-KGG |
| | ) |
| DARYL DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM & ORDER ON MULTIPLE MOTIONS and
### REPORT & RECOMMENDATIONS TO DENY
### MOTION TO JOIN ADDITIONAL DEFENDANTS

NOW BEFORE THE COURT are the following motions filed by *pro se* Plaintiff Joan Farr (hereinafter "Plaintiff"):

    1.    Motion to Stipulate (Doc. 44);

    2.    Motion to Join Additional Party as Plaintiff (Doc. 45);

    3.    Motion for Leave to Join Additional Defendants (Doc. 46); and

    4.    Motion for Rule 35 Mental Evaluation (Doc. 48).

Defendant has responded to each of the motions. Plaintiff has replied (Doc. 61) to the Motion to Join Additional Party as Plaintiff (Doc. 45), but chose not to reply as to the other motions. Although replies have yet to be filed to the remaining motions, the Court finds that additional briefing would not be beneficial. As such,

the Court will address each motion individually herein.

## BACKGROUND

Plaintiff filed the present lawsuit, *pro se*, individually and on behalf of residents of the Huckleberry Estates addition to Derby, Kansas. (*See* Doc. 1.) Plaintiff alleges that Defendants violated her First Amendment rights and converted her private property. (*Id.*) She also brings a claim for "intentional emotional distress/tort of outrage." (*Id.*) Among her factual allegations is that Defendants influenced the police to harass her.

Defendants previously moved to dismiss Plaintiffs' claims, arguing that she failed to sufficiently plead a federal cause of action under 42 U.S.C. § 1983 because she did not adequately allege that Defendants were acting under color of state law. (*See* Doc. 13.) The District Court denied Defendants' motion, holding that

> Plaintiff has pleaded a cause of action under 42 U.S.C. § 1983, as well as underlying facts that could potentially support such a claim. Plaintiff's complaint states that defendant Davis called the sheriff's office and urged officers to arrest plaintiff's son at plaintiff's house. Then, approximately eight officers surrounded plaintiff's house, drew their guns, and began banging on her doors and yelling for her son to come out. This allegedly continued for almost an hour, with one of the officers shouting "If he doesn't come out, we're coming in!" Lastly, the complaint states, "[T]he sheriff's officers finally left, since they had no legal authorization to enter

2

> plaintiff's home."  Taken together, and when the *pro se* plaintiff's complaint is construed liberally, plaintiff has alleged facts that could allow a reasonable jury to infer that defendants conspired together to successfully exert influence over the police, and therefore should be treated as state actors under 42 U.S.C. § 1983.

(Doc. 20, at 5-6.)

Plaintiff initially filed a motion to amend last fall, seeking leave to add violations of 18 U.S.C. § 242.  That federal statute states:

> [w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. . . shall be fined under this title or imprisoned not more than one year, or both.

(Doc. 27, at 1.)  Soon thereafter, Plaintiff requested and received a stay of 120 days in this case because of persisting health issues and impending surgery.  (Docs. 31; *see also*, Doc. 32, text order granting stay.)  Plaintiff's then-pending motion to amend was denied without prejudice as a result of the stay.  (Doc. 34, text entry.)

Following the expiration of the stay, Plaintiff re-filed her motion to amend. (Doc. 36.)  Defendants objected to the requested amendment, arguing that 18 U.S.C. 242 "authorizes criminal prosecution for various acts; it does not authorize a private right of action."  (Doc. 37, at 1.)  The undersigned Magistrate Judge issued its Report & Recommendation to the District Court that Plaintiff's renewed

motion to amend be denied as futile. (Doc. 38.) Plaintiff objected to this Court's recommendation (Doc. 49), but the District Court ultimately adopted, in full, the recommendation and denied Plaintiff's requested amendment (Doc. 62).

## DISCUSSION

### A.     Motion to Stipulate (Doc. 44).

The first of Plaintiff's motions is titled "Plaintiff's Motion to Stipulate." The Court notes that the motion does not contain any actual stipulations, but rather consists of two requested changes to her Complaint, in addition to a demand as to the location of the trial and a request for counsel at mediation. The Court will address each of these issues in turn.

The first requested change to the Complaint is that the words "and on behalf of residents of the Huckleberry Estates Addition to Derby, Kansas" be removed from the case caption. (Doc. 44, at 2.) Plaintiff indicates that she "is not filing this case as a class action and is not trying to represent other homeowners in this matter." (*Id*.)  Defendants do not object to this change. (Doc. 60, at 1.) As such, the Court **GRANTS** this portion of Plaintiff's motion.

Plaintiff next asks that Paragraph 9 of her Complaint should be removed and replaced with the following: "Plaintiff files this lawsuit with concern for herself as well as her neighbors, since she believes in the teachings of Jesus who said to 'love

your neighbor as yourself.'" (Doc. 44, at 2.) Again, Defendant does not object. (Doc. 60, at 1.) The Court **GRANTS** this portion of Plaintiff's motion. Plaintiff's Complaint is deemed amended and no answer by Defendant is required.

Plaintiff's motion also addresses the location of the trial of this matter. Plaintiff states that she has "objected to this case being heard in the federal court in Wichita," but that the undersigned Magistrate Judge "advised her that discovery would take place in Wichita for reasons of convenience, but that the trial would be held in Kansas City." (Doc. 44, at 1-2.) Plaintiff states that she will give the undersigned Magistrate Judge "the benefit of the doubt," but "will not consent under any circumstances to this trial being moved to Wichita, Kansas." The Court acknowledges Plaintiff's wishes regarding location of the trial and notes that the trial is currently scheduled to occur in Kansas City, Kansas. (Doc. 41, at 11.) As such, there is no further action for the Court to take on this issue at the present time.

The last issue raised in Plaintiff's motion is her request that "if a mediation is ordered, . . . she be appointed a pro bono attorney to assist her during the mediation and especially with the calculation of damages." (Doc. 44, at 2.) Plaintiff's motion does not comply with the rules in this District for requesting appointed counsel. Plaintiff is directed to the Court's form "Motion for

Appointment of Counsel" and "Affidavit of Financial Status," http://www.ksd.uscourts.gov/forms/?f=4#item_4, as well as the requirements and instructions for appointment of counsel stated therein. This portion of Plaintiff's motion is **DENIED, without prejudice**.

### B.     Motion to Join Additional Party as Plaintiff (Doc. 45).

Plaintiff indicates that she "was advised recently to join her son, Garrison J. Moore, as a plaintiff in this lawsuit since he suffered the same claims as plaintiff." (Doc. 45, at 1.) Plaintiff has no claims against Mr. Moore. His absence from this lawsuit does not impede complete from being accorded to the existing parties. *See* Fed.R.Civ.P. 19(a). Third-party practice does not provide for the involuntary addition of a new plaintiff with a claim against the defendant arising out of the same facts. Federal Rule 20, which is also cited in Plaintiff's reply (Doc. 61), does not apply because Mr. Moore is not currently a plaintiff in this case.

Given Mr. Moore's signature on the motion, however, the Court will consider it a motion to intervene on his behalf pursuant to Fed.R.Civ.P. 24(b). That rule states that, upon timely motion, a court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). Pursuant to Rule 24(c), such a motion "must state the grounds for intervention and be accompanied by a pleading

that sets out the claim or defense for which intervention is sought." Because there is no such pleading attached to the motion setting out Mr. Moore's claim(s), the motion fails procedurally. Should Mr. Moore desire to intervene in this action, he is directed to file an appropriate motion to intervene that complies with Rule 24(c).[1] Plaintiff Joan Moore, who represents herself *pro se*, should not sign such a motion filed by Mr. Moore.

C.   **Motion for Leave to Join Additional Defendants (Doc. 46).**

Plaintiff next moves the Court for leave to join additional Defendants. As an initial matter, Plaintiff has failed to comply with the requirements of D. Kan. Rule 15.1, which governs motions to amend or leave to file. Subsection (a) of the rule requires the moving party "attach the proposed pleading" to the motion. Plaintiff has failed to do so and, as such, the undersigned Magistrate Judge **recommends** to the District Court that the motion be **DENIED** on procedural grounds.

This Court also **recommends** to the District Court that Plaintiff's motion be denied on substantive grounds. Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as

---

[1] By this Order, the undersigned Magistrate Judge is not making any determination as to the potential validity, viability, or futility of any claims that may be raised by Garrison Moore and is not making any determination as to whether such a hypothetical motion to intervene would be granted or denied.

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Nkemakolam v. St. John's Military School*, 890 F.Supp.2d 1260, 1261-62 (D. Kan. 2012); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see also* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). In light of United States Supreme Court precedent, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed.R.Civ.P. 12(b)(6), and now looks at what is described as a "plausibility" standard. *Nkemakolam*, 890 F.Supp.2d at 1262. As this Court explained the plausibility standard in *Nkemakolam*,

> the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' [*Robbins v. Oklahoma*, 519 F.3d 1242], at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, '[f]actual allegations must be enough to raise a right to

8

> relief above the speculative level,' *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, so that '[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' *Robbins*, 519 F.3d at 1247. Under this standard, 'a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.' *Smith* [ *v. U.S.*], 561 F.3d [1090] at 1098 [(10th Cir.2009) ]. Therefore, a plaintiff must 'frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.' *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

*Id*.

Tellingly, Plaintiff states in her motion that she recalls the past advice of an attorney who allegedly told her to "[n]ame anyone and everyone who had anything to do with anything." (Doc. 46, at 2.) This is not, however, a valid basis to bring a lawsuit against a party in federal court. Unfortunately for Plaintiff, this seems to be her main justification for the present motion.

Plaintiff first moves to join the Sedgwick County Sheriff's Department because it was "complicit in the actions of the defendants when they surrounded plaintiff's house with a fake warrant to arrest her son . . . ." (Doc. 46, at 1.) Plaintiff also contends that "[d]iscovery will show that defendant John Patrick Hall had connections with the sheriff's department since he has run a fireworks business in the county for the past 17 years." (Doc. 46, at 1.) The Court is at a loss to see how Defendant operating a fireworks stand provides a sufficient legal nexus to the

9

potential liability of the Sedgwick County Sheriff's Department.

Defendants also argue that the motion is legally insufficient because it "offers only unadorned labels and conclusions and naked assertions of claim devoid of factual development." (*Id*.) The Court agrees that Plaintiff, in her motion, has not stated a sufficient basis for adding the Sedgwick County Sheriff's Department as a named Defendant. The Court anticipates that had Plaintiff provided a proposed amended pleading (as required by local rule), it may have been able to glean sufficient factual detail to support Plaintiff's motion.

Plaintiff also asks to have Gina Hall, wife of Defendant John Patrick Hall, added as a Defendant. (Doc. 46, at 2.) Plaintiff contends that she had an "AHA!" moment at the February 22, 2017, status conference wherein she "realized" Ms. Hall "was the reason for her husband's continued vendetta" against Plaintiff. (*Id*., at 1-2.) According to Plaintiff, "[d]iscovery will show evidence that Mrs. Hall blamed the breakup of her family on plaintiff and used her as a scapegoat so that she would not have to take the blame or endure the wrath of her husband." (*Id*., at 2.)

Defendants argue that "[t]hese allegations are ungrounded and have no basis in reality." (Doc. 59, at 1.) Defendants also contend that even if the allegations were valid, they "do not create a cause of action against Mrs. Hall." (*Id*., at 1.)

The Court agrees with Defendants on both points.  Plaintiff has failed to provide a legitimate, legal basis for any claims against Gina Hall.  Plaintiff's alleged epiphany does not constitute evidence supporting a federal cause of action against Ms. Hall.  Further, there is no cause of action for blaming another person for one's familial problems.  The Court thus **recommends** to the District Court that Plaintiff's motion be **DENIED** on both procedural and substantive grounds.

**D.     Motion for Rule 35 Mental Evaluation (Doc. 48).**

Plaintiff also moves the Court for a Rule 35 Order for a mental evaluation of Defendants Daryl Davis and John Patrick Hall.  (Doc. 48.)  Plaintiff contends that Davis's actions toward her were "extreme and outrageous," justifying a mental evaluation.  (*Id*., at 1.)  She also contends that John Patrick Hall "should be evaluated for siding with Mr. Davis in the vendetta against plaintiff."  (*Id*.)  According to Plaintiff, Hall's "actions were not in keeping with his character," given their alleged friendship.  (*Id*.)

Pursuant to Fed.R.Civ.P. 35(a), a mental examination may be ordered upon a showing of good cause when the mental condition of a party is in controversy.  The burden to establish good cause rests with the party requesting the examination.  *See* ***Schlangenhauf v. Holder***, 379 U.S. 104, 118 (1964).

> The 'in controversy' requirement is not satisfied merely because the information sought is relevant.  ***Chaparro v.***

11

> *IBP, Inc.*, 1994 WL 714369, *2 (D. Kan. Dec. 7, 1994). The movant must 'come forward with evidence, by affidavit or otherwise, to show that a mental evaluation of [the party] . . . will be of value to the trier of fact.' *Id*. (citation omitted).

*Mayfield v. Harvey Co. Sheriff's Dept.*, No. 14-1307-JTM, 2016 WL 6277704, at *2 (D. Kan. Oct. 27, 2016).

In the present matter, there has been no showing that the mental state of the Defendants is in controversy. Further, Plaintiff has failed to establish good cause for the examinations. As such, the motion is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Stipulate (Doc. 44) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Join Additional Party as Plaintiff (Doc. 45) be **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Motion for Leave to Join Additional Defendants (Doc. 46) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Rule 35 Mental Evaluation (Doc. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of the recommendations shall be sent to Plaintiff *via* electronic filing. Pursuant to 28 U.S.C. §636(b)(1),

Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition(s).

**IT IS SO ORDERED and RECOMMENDED.**

Dated at Wichita, Kansas, on this 6th day of April, 2017.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge