# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOAN E. FARR, *pro se*,                    )
                                           )
                          Plaintiff,       )
                                           )
vs.                                        )          Case No. 16-2180-CM-KGG
                                           )
DARYL DAVIS, *et al.*,                     )
                                           )
                          Defendants.      )
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯  )

### ORDER DENYING REQUEST THAT COURT ACKNOWLEDGE
### *LIS PENDENS* LIEN AND FILE NOTICE WITH REGISTER OF DEEDS

Plaintiff, *pro se*, has filed a "Notice of Lien *Lis Pendens"* (Doc. 77) in this matter in an attempt to confirm that this pending action encumbers real property owned by the named Defendants.[1]  As part of that filing, Plaintiff requests this Court "acknowledge this action is *lis pendens* and ensure it is on file with the Sedgwick County Register of Deeds against [defendants' properties]."

The questions of when a judgment in a state or federal court becomes a lien on real property, and when the filing of an action serves as notice of the pendency of the action *(lis pendens*) and possible attachment of an eventual judgment lien, is determined by Kansas statutory law.  *See* K.S.A. 60-2201; 60-2202; 60-2203a.  Those provisions describe when an action constitutes notice in the county where the action is pending, and how to file notices of *lis*

---

[1]The pleading is styled as a "notice," but in its conclusion requests relief from the Court. Specifically, the Plaintiff asks that the Court "acknowledge" that the filing is "*lis pendens*" as to listed and other property of the Defendants, and "ensure" that the notice is on file with the Sedgwick County Register of Deeds.   Because the pleading requests relief from the Court, the Court must treat the pleading as a motion.  *See generally* Fed. R. Civ. Proc. 7(b)(1).

*pendens* in the Kansas District Courts in counties other than where the action is filed to effect notice concerning real estate not located in the county where the action is pending. K.S.A. 60-2301, provides an exemption from sale by judgement lien for homestead property. The Court expresses no opinion here concerning whether this action could result in a judgment lien enforceable against any property, or whether the pending action is *lis pendens* as to that property.[2]

Whether this action either is or is not *lis pendens* as to any real estate is determined by Kansas law. The filing of a "notice" in this Court does not add or detract from that effect, and there is no procedure for this Court to "acknowledge" the effect of the pending action on Defendants' property. Also, there is no procedure for this Court to file any notice with a state Register of Deeds.[3]

The motion is DENIED.

S/ Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge

---

[2]The Court will observe, to avoid confusion for those researching this record, that this action does not involve the title to real property, including the property listed in the Notice, thus the *lis pendens* provisions of K.S.A. 60-2201(a) are not applicable. Any *lis pendens* effect of this action would be determined by K.S.A. 60-2203(a).

[3]*Lis pendens* notice in Kansas, whether by original filing or by notice, is effected by filings in the courts, not by filings with the Register of Deeds.