# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR, *pro se*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-2180-CM-KGG |
| | ) |
| DARYL DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Joan E. Farr has filed a Motion to Appoint Counsel (Doc. 83) some 14 months after filing her federal court Complaint. Having reviewed Plaintiff's motion, the Court **DENIES** her request for counsel (Doc. 83).

## ANALYSIS

Plaintiff argues that his case is "quasi-criminal" and involves the Sixth Amendment in support of a right to counsel. The Sixth Amendment, however, only guarantees a right to counsel to a criminal defendant. There is no Constitutional right to counsel for a plaintiff in a civil case.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual in a civil case: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the

merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. Counsel who accept appointments in civil cases generally do so *pro bono* – that is, without compensation. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Plaintiff has made no attempt to establish that her financial situation would make it impossible or even difficult for her to afford counsel. This alone necessitates the Court's denial of her motion. Even so, the Court will address the other *Castner* factors.

As listed above, Plaintiff's diligence in searching for counsel is the second such factor. The form motion to appoint counsel that is provided by the Court on its website – which Plaintiff did not use – indicates that Plaintiff is required to contact at least five attorneys regarding representation. There is no mention in

Plaintiff's motion that she has attempted to contact any attorneys to seek representation. This factor also weighs against the appointment of counsel. Often in such situations, the Court will require a plaintiff to contact the requisite number of attorneys before it makes a determination regarding appointment of counsel. Given that the majority of the enumerated *Castner* factors weigh against appointment of counsel, however, the Court finds it would not be beneficial to its analysis to require Plaintiff to contact attorneys.[1]

The next factor is the merits of Plaintiff's case. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. For the purposes of this motion, the Court does not find Plaintiff's claims to be frivolous or futile.

The analysis concludes with the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's

---

[1] While the Court is not requiring Plaintiff to contact counsel to inquire regarding representation, Plaintiff is certainly free to do so on her own if she wishes to be represented by an attorney in this matter.

allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Plaintiff does not argue that the case is overly complex. Rather, she merely argues that she "has incurred enough emotional distress from the defendants in this matter and should not have to incur any further from having to represent herself." (Doc. 83, at 1.) This is not a valid basis for the Court to appoint counsel. Finally, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, Plaintiff has been diligent in litigating this case on her own. Plaintiff successfully filed her federal court Complaint and has engaged in fairly complex motion practice, providing reference to relevant federal legal authority in many of her filings. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 83) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (Doc. 83) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 23ʳᵈ day of May, 2017.

                                               S/ KENNETH G. GALE
                                               KENNETH G. GALE
                                               United States Magistrate Judge