## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. FARR, )
)
        Plaintiff, )
)
v. )
)    Case No. 16-2180-CM
DARYL DAVIS, et al., )
)
        Defendants. )
_____)

### MEMORANDUM AND ORDER

Plaintiff Joan E. Farr brings this action pro se, claiming that defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and Huckleberry Homeowners Association violated her constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to deprive her of her rights by stealing her property and influencing the police to harass plaintiff. The case is currently before the court on several motions. This Memorandum and Order addresses Plaintiff's Motion to Reconsider (Doc. 74) and Plaintiff's Objections/Motion for Review/Motion to Stay (Doc. 82).

Both motions essentially request the same relief: Plaintiff asks the court to give her additional time to object to a Report and Recommendation dated April 6, 2017. In the Report and Recommendation, Magistrate Judge Kenneth Gale recommended that this court deny plaintiff leave to join additional defendants. Plaintiff failed to timely object to the Report and Recommendation, and this court adopted the Report and Recommendation in full on May 4, 2017. The next day, plaintiff filed a motion to reconsider, stating that she did not receive the Report and Recommendation. The document was served electronically, as plaintiff registered with the court to receive electronic notifications of filings. Plaintiff directs the court to Doc. 47 in the record, where she stated that she

-1-

was having trouble opening documents from email. In that filing, plaintiff asked that she be "notified by e-mail or telecom by the Court or opposing counsel concerning any court activity that occurs as soon thereafter as possible." (Doc. 47 at 1.) She claims if she had received the court's order, "any reasonable person would believe that she would have tried to file a timely response." (Doc. 75 at 2.) Plaintiff also requests that in the future, the court notify her of any actions it takes by telecom or e-mail and send a paper copy.

Plaintiff's motion fails for three mutually exclusive reasons. First, it is untimely. To the extent that plaintiff attempts to object to the magistrate judge's recommendation, she failed to file such objection within fourteen days of the order. Plaintiff's objection is therefore waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (providing that the Tenth Circuit has "a firm waiver rule" that "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."); Fed. R. Civ. P. 72; *see also* D. Kan. R. 72.1.4.

Second, to the extent that plaintiff is asking for additional time to object to the magistrate judge's recommendation, she must show excusable neglect. D. Kan. R. 6.1(a)(4). But plaintiff consented to electronic service. She did not revoke that consent. Electronic transmission of the Notice of Electronic Filing fulfills Fed. R. Civ. P. 77(d)'s notice requirement. D. Kan. R. 5.4.10. The court's order was therefore effectively served on plaintiff on April 6, 2017. If plaintiff wishes to withdraw her consent to receive electronic service, she should refer to the court's Administrative Procedures for Filing in Civil Cases, available on the court's website. Plaintiff's filing of Doc. 47—asking for other notice—is insufficient. Moreover, she responded to other documents after filing Doc. 47. (*See*, *e.g.,* Docs. 53, 61.) The court finds that plaintiff has not demonstrated excusable neglect for failing to timely object to the magistrate judge's order.

Third, to the extent that plaintiff's motion is truly one for reconsideration, she has not met the standards for reconsideration of an order. She provides no new material or reasoning that would suggest that the magistrate judge incorrectly recommended that the court disallow amendment, or that this court incorrectly denied amendment. The fact remains that plaintiff did not attach a proposed amendment to her motion. *See* D. Kan. R. 15.1(a)(2) (requiring that the moving party attach a proposed pleading to the motion). Further, she failed to show that she has a plausible claim against either of the newly-proposed defendants. Amendment would be futile.

Finally, the court denies plaintiff's request that the court and opposing counsel separately notify plaintiff of all filings, in addition to relying on electronic service. The court will order that this particular order be sent to plaintiff's address listed on the docket. But this order also serves as notice that the court will not continue this procedure or ask opposing counsel to do so. If plaintiff wishes to revoke her consent to electronic service, she must follow the court's procedures for doing so.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 75) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Objections/Motion for Review/Motion to Stay (Doc. 82) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court transmit this order to plaintiff by U.S. mail, addressed to the postal address listed on the docket.

Dated this 4th day of August, 2017, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**