## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOAN E. FARR, *pro se*,                    )
                                           )
                        Plaintiff,         )
                                           )
vs.                                        )        Case No. 16-2180-CM-KGG
                                           )
DARYL DAVIS, *et al.*,                     )
                                           )
                        Defendants.        )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL
## AND MOTION FOR HEARING

NOW BEFORE THE COURT is the Motion to Compel filed by *pro se*

Plaintiff Joan Farr (hereinafter "Plaintiff"). (Doc. 94.) Also pending is Plaintiff's

"Motion for Hearing on Motion to Compel and Motion for Leave to Join

Additional Parties as Defendants." (Doc. 104.) For the reasons set forth below,

Plaintiff's motions are **DENIED**.

## BACKGROUND

Plaintiff filed the present lawsuit, *pro se*, individually and on behalf of

residents of the Huckleberry Estates addition to Derby, Kansas. (*See* Doc. 1.)

Plaintiff alleges that Defendants violated her First Amendment rights and

converted her private property. (*Id.*) She also brings a claim for "intentional

emotional distress/tort of outrage." (*Id.*) Among her factual allegations is that

Defendants influenced the police to harass her.

Defendants previously moved to dismiss Plaintiffs' claims, arguing that she failed to sufficiently plead a federal cause of action under 42 U.S.C. § 1983 because she did not adequately allege that Defendants were acting under color of state law. (*See* Doc. 13.) The District Court denied Defendants' motion, holding that

> Plaintiff has pleaded a cause of action under 42 U.S.C. § 1983, as well as underlying facts that could potentially support such a claim. Plaintiff's complaint states that defendant Davis called the sheriff's office and urged officers to arrest plaintiff's son at plaintiff's house. Then, approximately eight officers surrounded plaintiff's house, drew their guns, and began banging on her doors and yelling for her son to come out. This allegedly continued for almost an hour, with one of the officers shouting "If he doesn't come out, we're coming in!" Lastly, the complaint states, "[T]he sheriff's officers finally left, since they had no legal authorization to enter plaintiff's home." Taken together, and when the *pro se* plaintiff's complaint is construed liberally, plaintiff has alleged facts that could allow a reasonable jury to infer that defendants conspired together to successfully exert influence over the police, and therefore should be treated as state actors under 42 U.S.C. § 1983.

(Doc. 20, at 5-6.)

Plaintiff initially filed a motion to amend last fall, seeking leave to add violations of 18 U.S.C. § 242. That federal statute states:

> [w]hoever, under color of any law, statute, ordinance,

2

> regulation, or custom, willfully subjects any person in
> any State, Territory, Commonwealth, Possession, or
> District to the deprivation of any rights, privileges, or
> immunities secured or protected by the Constitution or
> laws of the United States. . . shall be fined under this title
> or imprisoned not more than one year, or both.

(Doc. 27, at 1.)  Soon thereafter, Plaintiff requested and received a stay of 120 days in this case because of persisting health issues and impending surgery.  (Docs. 31; *see also*, Doc. 32, text order granting stay.)  Plaintiff's then-pending motion to amend was denied without prejudice as a result of the stay.  (Doc. 34, text entry.)

Following the expiration of the stay, Plaintiff re-filed her motion to amend. (Doc. 36.)  Defendants objected to the requested amendment, arguing that 18 U.S.C. 242 "authorizes criminal prosecution for various acts; it does not authorize a private right of action."  (Doc. 37, at 1.)  The undersigned Magistrate Judge issued its Report & Recommendation to the District Court that Plaintiff's renewed motion to amend be denied as futile.  (Doc. 38.)  Plaintiff objected to this Court's recommendation (Doc. 49), but the District Court ultimately adopted, in full, the recommendation and denied Plaintiff's requested amendment (Doc. 62).

## **DISCUSSION**

A.    **Motion to Compel (Doc. 94).**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. Within this framework, the Court will review the contested discovery responses.

Plaintiff moves the Court for an Order compelling Defendant to serve supplemental responses to certain discovery requests. The requests referenced in Plaintiff's motion are RFP No. 5 (Defendants' state and federal income tax records), RFP No. 6 (Defendants' insurance policies over the past three years), RFP No. 10 (Defendants' phone records for the past three years), and certain unspecified responses to Plaintiff's Requests for Admissions. (*See generally* Doc. 94.) Each of these discovery requests will be discussed in turn.

**1.  Income tax returns (RFP No. 5).**

The standard for the discovery of tax returns was succinctly set forth by Judge Rushfelt in ***Hilt v. SFC, Inc.***:

> The Courts have developed a two-pronged test assure a balance between the liberal scope of discovery and the

policy favoring the confidentiality of tax returns. First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.

170 F.R.D. 182, 189 (D.Kan.1997) (citing *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, Case No. 94–2395, 1995 WL 625962, at * 11 (D.Kan. Oct. 5, 1995)) (internal quotations omitted).

Plaintiff's argument for the relevance of the tax returns is to establish "the wealth of the defendants who were 'beating up a poor widow." (Doc. 94, at 2.) She also states that the "tax returns are relevant in assessing a percentage of fault for each defendant if found guilty at trial or if a settlement is reached." (*Id*.)

Neither of these arguments provides a "compelling need" for production of this highly sensitive and personal information. As Defendants contend, this statement by Plaintiff "does not articulate how disclosure of the defendants' tax returns would aid in such an assessment, especially when it is defendants who will be interested in assessing plaintiff's damages, not the other way around." (Doc. 96, at 9.) Plaintiff's motion is **DENIED** in regard to Request No. 5.

**2.    Insurance policies (RFP No. 6).**

Request No. 6 seeks "[a]ny and all insurance policies for the last three (3) years held by" Defendants.  (Doc. 94, at 8.)  Individual Defendant Daryl Davis responded, "I don't have any personal insurance that covers the kind of claims made by you in this lawsuit.  The HOA does." (*Id.*)  The HOA produced a copy of its insurance policy in effect for the relevant policy period." (*Id.*, at 12.)  Plaintiff claims this document is fraudulent and that she received a copy of another policy (apparently issued by Philadelphia Insurance Companies) from Defendant Coote in 2011.  (Doc. 94, at 2.)

Defendants respond that they "assumed that plaintiff desired policies which might respond to the claims she has asserted in her lawsuit."  (Doc. 96, at 5.)  As such, Defendant HOA "produced the directors and officers liability insurance policy under which they are currently being defended issued by United States Liability Insurance Co.  The other defendants have responded that they do not have any insurance policies that would respond to such a lawsuit." (*Id.*)  Defendants continue that they

> too charitably interpreted this overly broad request.
> Instead, they should have objected to the request
> altogether as an omnibus request without qualification
> which conceivably requires the individual defendants to
> produce their homeowners, auto, umbrella, flood or other
> insurance policies issued over, presumably, the three
> years next preceding the request.  [Defendants] ask the
> court limit plaintiff's request to insurance policy germane

to the claims at issue.

(*Id.*)

The Court agrees that the request should be limited to policies that are germane to Plaintiff's claims. Defendants have responded that all such policies have been produced. Plaintiff's motion is, therefore, **DENIED** in regard to Request No. 6.

### 3.     Phone records (RFP No. 10).

This request seeks "[a]ny and all phone records or logs from August 1, 2014 through the present" for Defendants. (Doc. 94, at 9.) Defendants responded that

> [t]he production of the individual phone records is overbroad and unduly burdensome, and is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence given the issues in the case. Phone records or phone logs, by themselves, are not relevant to the proof that plaintiff's claims are more likely true than not.

(*Id.*)

In the present motion, Plaintiff contends that

> defendants' phone records/logs go to the heart of this matter. They will show that defendant Davis and/or others at his direction called the sheriff's department on plaintiff's son in June 2015 to deny her rights and cause her the intentional emotional distress that led to her injuries. Indeed, soon after the defendants began bulldozing the beach and plaintiff called to make a report as she had been instructed by the sheriff's department to

do, Davis's wife tried to retaliate further against her by reporting her non-profit business activities to the Kansas State Attorney General's Office . . . .

(*Id.*, at 3.)  Defendant argues that Plaintiff's document request

> asks for 3 years of phone records without any descriptive limitation.  The request itself highlights June 2015 as a timeframe in which the defendants supposedly made calls to the Sedgwick County Sheriff 'on plaintiff's son.' But the court has already ruled that any alleged Section 1983 claim concerning plaintiff's son may only be made by him and not through plaintiff acting as his surrogate. Whether or when plaintiff began making calls to the Sheriff's office about claimed bulldozing activities has nothing to do with the probative value of a request for defendants' phone records.  Finally, whether Mr. Davis' wife retaliated or not against plaintiff 'by reporting her non-profit business activities' to state officials is well outside the allegations of plaintiff's complaint against these defendants.

(Doc. 96, at 6.)

Defendants contend that the request is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case.  (*Id.*)  The Court agrees. The requested information is both substantively and temporally overbroad. Plaintiff's motion is **DENIED** as to Request No. 10.

### 4.    Requests for Admission.

Requests for Admission are governed by Fed.R.Civ.P. 36, which states that

> '[a]ny matter admitted ... is conclusively established unless the court on motion permits withdrawal or

amendment of the admission.' This rule 'serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.' Fed.R.Civ.P. 36(a) advisory committee's note (1970). 'In most cases . . . there should be a clear relationship between the request for admissions and a pre-trial order. . . . Once admitted, the parties are bound thereby and by stipulations included in a pre-trial order.' *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir.1978); *see also* *Champlin v. Okla. Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir.1963) ('[Rule 36] is most advantageously used . . . prior to the pretrial conference, and the facts established by the answers to the request for admission may . . . be incorporated into the pre-trial order as undisputed material facts in the case . . . .")[.]

*Minter v. Prime Equipment Co.*, 356 Fed. App'x 154, 162 (10th Cir. 2009).

During the parties' attempts to meet and confer, Plaintiff apparently told defense counsel that "there were also a number of lies by the defendants in response to her requests for admissions. Since bad faith continues to enter in, plaintiff requests that defendants only and not their counsel provide notarized verification of documents turned over to her in order to prove the truth in this matter." (Doc. 94, at 3.) Defense counsel indicates that he told Plaintiff that

if she believed any one of the defendants had lied in response to the requested admissions, she had tools at her disposal to act on her belief. There is no provision in the F.R.Civ.P., especially Rule 36, for the procedure plaintiff proposes since the answers to the requested admissions are already considered as made under oath. Importantly,

9

> plaintiff fails to specify those requests the responses to
> which she regards as lies. This precludes the court from
> addressing those matters as it might otherwise under Rule
> 36(a)(6).

(Doc. 96, at 7.)

Plaintiff has not identified the Requests for Admission to which Defendants have allegedly have given false or misleading responses. Further, there are no Requests for Admissions attached to Plaintiff's motion. Pursuant to D. Kan. Rule 37.1, motions to compel directed at discovery requests, including requests for admission, "must be accompanied by copies of . . . the portions of the . . . requests, or responses in dispute." The Court has no ability to evaluate the requests and responses at issue. Plaintiff's motion is, therefore, **DENIED** in regard to Defendants' responses to her Requests for Admission.

## B.  Motion for Hearing (Doc. 104).

Also pending is Plaintiff's "Motion for Hearing on Motion to Compel and Motion for Leave to Join Additional Parties as Defendants." (Doc. 104.) As contained in section A, *supra*, he Court has evaluated the merits of Plaintiff's Motion to Compel. Nothing presented in the arguments of either party would necessitate a hearing before the Court. The parties have presented nothing unusual or complex and both parties have had an adequate opportunity to present their arguments. As such, the Court finds no basis to justify a hearing on the Motion to

Compel.

Plaintiff also requests a hearing on her Motion for Leave to Join Additional Parties as Defendants. This motion (Doc. 46) was previously briefed by the parties and the undersigned Magistrate Judge issued a Report & Recommendation to the District Court that the motion to join be denied on procedural as well as substantive grounds. (*See* Doc. 68, at 7-11.) Plaintiff's motion did not comply with D. Kan. Rule 15.1(a), which requires the moving party "attach the proposed pleading" to the motion. Thus, the Court recommended that the motion be denied as procedurally deficient. (*Id*., at 7.) Further, the Court specifically analyzed the substantive claims and allegations Plaintiff proposed to bring against the Sedgwick Count Sheriff's Department and Gina Hall. In doing so, the Court found Plaintiff's proposal to be futile and recommended dismissal on substantive grounds. (*Id*., at 8-11.)

Thereafter, the District Court adopted in full the undersigned Magistrate Judge's Report & Recommendation. (*See* Doc. 74.) Plaintiff then moved for the District Court to reconsider its decision. (Doc. 75.) The District Court subsequently denied Plaintiff's request for reconsideration, specifically finding, in part, that Plaintiff's claims against the newly-proposed Defendants are not plausible and would be futile. (Doc. 105, at 3.) As such, there is no basis for the

Court to order a hearing on the motion to join. Plaintiff's current motion (Doc. 104) is **DENIED**.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 94) is **DENIED**.

      **IT IS FURTHER ORDERED** Plaintiff's Motion for Hearing (Doc. 104) is **DENIED**.

      **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of August, 2017.

                S/ KENNETH G. GALE_____
                KENNETH G. GALE
                United States Magistrate Judge