IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOAN E. FARR, )
 )
        Plaintiff, )
 )
v. )
 )   Case No. 16-2180-CM
DARYL DAVIS, et al., )
 )
        Defendants. )
_____)

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr brings this action pro se, claiming that defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and Huckleberry Homeowners Association violated her constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to deprive her of her rights by stealing her property and influencing the police to harass plaintiff. The case is currently before the court on Plaintiff's Motion to Recuse (Doc. 107) and Plaintiff's Objections to Memorandums and Orders Filed August 4 & 8, 2017 (Docs. 105 & 106) (Doc. 108).

Plaintiff first asks that the undersigned judge and Judge Gale recuse from this case to prevent manifest injustice toward plaintiff. Plaintiff believes that both judges are failing to make sound decisions and are biased toward defendants.

28 U.S.C. § 455(a) requires a district judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The relevant inquiry is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted). Recusal is not required based on "unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

-1-

Plaintiff's concerns are unfounded and present no valid basis for recusal. Both judges in this case have consistently considered and applied the governing law without bias or the appearance of bias. Plaintiff appears to claim that both judges are biased because they have ruled against her on a number of motions. Adverse rulings are not a legitimate reason for either judge to recuse, *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (citation omitted), and the court denies this motion.

Second, plaintiff objects to two recent orders filed by the undersigned judge and Judge Gale—Docs. 105 and 106. The court construes plaintiff's objection to Doc. 105 as a motion to reconsider. Because Judge Gale issued Doc. 106 on nondispositive matters, the court will review his order in accordance with Fed. R. Civ. P. 72(a).

The grounds reconsideration are (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted). Plaintiff claims that she will suffer manifest injustice if the court does not reconsider its order (which, coincidentally, denied another motion to reconsider). Her reasoning is that "[a]ny reasonable person would agree that manifest injustice is occurring if plaintiff has been denied legal representation for 17 years and the Court is denying nearly all of her motions based on technicalities because she is not represented. Under the circumstances, she should not be held to the same standards as an attorney." (Doc. 112, at 1.)

While the court will construe plaintiff's filings liberally because she proceeds pro se, plaintiff still must comply with the court's rules. Plaintiff's pro se status does not support a finding of manifest

injustice. The court fully considered plaintiff's arguments and denied them on the merits—not technicalities. Plaintiff has not shown manifest injustice, and the court will not reconsider its order.

As for plaintiff's request that the court review Judge Gale's order, plaintiff has not shown that Judge Gale issued an order that is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). This court must affirm Judge Gale's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citation omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011). Neither of these situations is present. Judge Gale's order is well-reasoned and thorough. There is no basis to reverse it.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Recuse (Doc. 107) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Memorandums and Orders Filed August 4 & 8, 2017 (Docs. 105 & 106) (Doc. 108) is denied.

Dated this 31st day of August, 2017, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**