## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN E. FARR,               ) | |
|               ) | |
|       **Plaintiff,**     ) | |
|               ) | |
| **v.**              ) | **Case No. 16-2180-CM** |
|               ) | |
| **DARYL DAVIS, et al.,**   ) | |
|               ) | |
|       **Defendants.**    ) | |

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr brings this action pro se, claiming that defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and Huckleberry Homeowners Association ("HOA") violated her constitutional rights under 42 U.S.C. § 1983. Plaintiff claims that defendants conspired to deprive her of her rights by stealing her property and influencing the police to harass plaintiff and her son. The case is before the court on a number of motions:

- Plaintiff's Motion for Summary Judgment (Doc. 119);

- Defendants' Motion for Summary Judgment (Doc. 120);

- Plaintiff's Motion to Strike; or in the Alternative, to Exclude Evidence (Doc 126); and

- Plaintiff's Motion to Exclude Evidence (Doc. 127).

The court takes up the motions to exclude first, followed by the motions for summary judgment.

### Motions to Exclude Evidence (Docs. 126 and 127)

In these two motions, plaintiff asks the court to disregard evidence that defendants submitted in support of their summary judgment motion. She claims that the evidence is not relevant, and that it

was not timely submitted to plaintiff during the discovery period.  Plaintiff asks the court to disregard the evidence under Fed. R. Civ. P. 37.

As plaintiff admits in her reply, much of evidence she seeks to exclude was, in fact, disclosed in discovery.  But defendants disclosed some of it after discovery closed, in a supplemental response. And some of the evidence is in the nature of rebuttal evidence, and therefore was not given to plaintiff with initial disclosures.

The court concludes that the evidence should not be excluded.  Defendants explained the oversight that led to their supplemental production of several documents.  Supplemental discovery responses were appropriate under Fed. R. Civ. P. 26(e).  Sanctions are therefore not warranted under Rule 37(c).  The court will consider the evidence to the extent it is relevant and admissible for purposes of summary judgment.

## Defendants' Motion for Summary Judgment

As they argued in a previously-filed motion to dismiss, defendants maintain that plaintiff's federal claims must fail because she cannot establish that defendants were acting under color of state law.  When the court first considered this argument, the court concluded that plaintiff had adequately pleaded that defendants conspired with state actors—thereby potentially making defendants liable for constitutional claims as state actors.   That conclusion, however, was based on the allegations in plaintiff's complaint.  At this stage of the litigation, plaintiff must submit evidence in support of her conspiracy theory.  Plaintiff has failed to do so, and the court now concludes that summary judgment is warranted in favor of defendants.

I.      **Factual Background**

Plaintiff resides in the Huckleberry Addition, which is managed by defendant HOA in Derby, Kansas.  At all times relevant to this case, defendants Davis, Moon, Coote, and Hall were on the HOA's Board.

The court need not discuss in great detail the facts of the disputes between the parties.  Highly summarized, plaintiff and members of the HOA Board have disagreed on a number of issues over the years.  In early 2000, plaintiff placed a picnic table and sand (to create a sandy beach) in a common area of Huckleberry Addition.  The HOA Board disputes whether this was with permission.  The table and sandy beach fell into disrepair over time.  Eventually, the HOA Board removed the picnic table (not the original one—a replacement table) and sand.  Plaintiff claims that defendants converted these items, as well as a boat.

On or about June 25, 2015, Deputy Headings of the Sedgwick County Sheriff's Office contacted the ex-spouse of plaintiff's son, Garrison Moore.  Deputy Headings, in coordination with other deputies of the Sedgwick County Sheriff's Office, attempted to execute arrest warrants on Moore on June 25 at plaintiff's house.  Deputy Headings and other deputies were unable to enter the residence.

The events on June 25, 2015 occurred as a result of the investigation by Deputy Headings and the Sheriff's Office. There is no evidence of involvement of the HOA, Davis, Moon, Coote, or Hall in the events occurring on June 25, 2015 as they related to the deputies' attempt to arrest Moore.

II.     **Legal Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Where, as here, the plaintiff proceeds pro se, the court construes the pro se filings liberally. *Hall v. Doering*, 997 F. Supp. 1445, 1451 (D. Kan. 1998) (citing *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)).  On the other hand, a plaintiff's pro se status does not relieve her from complying with this court's procedural requirements.  *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

## III.    Discussion

Defendants argue that they are entitled to summary judgment on plaintiff's claims under 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Where the defendants are private citizens (as they are here), liability under 42 U.S.C. § 1983 requires a showing that defendants conspired with state actors—persons acting under color of state law—to deprive the plaintiff of her civil rights.  *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.").  There are several tests for establishing the existence of state action under 42 U.S.C. § 1983, *see generally Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995), but this court previously held that plaintiff's claims are best reviewed under the joint action test.  The joint action test focuses on whether state officials and private parties have acted in

concert in effecting a particular deprivation of constitutional rights. *Id.* at 1453. Courts have applied the joint action test in two different ways; some courts have adopted the requirements for establishing a conspiracy under § 1983, and others have focused on the manner in which the alleged constitutional deprivation is effected. *Id.* at 1454.

Under the conspiracy approach, state action may be found if a state actor has participated in or influenced the challenged decision or action. *Id.* "The involvement of a state official in such a conspiracy plainly provides the state action essential to show a direct violation of [the plaintiff's] Fourteenth Amendment equal protection rights, whether or not the actions of the police were officially authorized, or lawful." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). A private party who is involved in such a conspiracy may be liable under 42 U.S.C. § 1983. *Id.*

Under the alternative approach, if there is a "substantial degree of cooperative action" between state and private officials, or if there is "overt and significant state participation" in carrying out the deprivation of the plaintiff's constitutional rights, state action is present. *Gallagher*, 49 F.3d at 1454 (internal citations omitted).

Under either approach, there is no joint action when private citizens have merely made complaints to police officers that resulted in arrests. *Carey v. Cont'l Airlines Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987). In contrast, courts have found state action when the private party was not a mere complainant, but possessed and exerted influence over the police, and conspired with them to have the plaintiff arrested and detained illegitimately. *Wagenmann v. Adams*, 829 F.2d 196, 211 (1st Cir. 1987); *see also Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1429 (10th Cir. 1984), *vacated on other grounds*, 474 U.S. 805 (1985), (concluding that a store security guard who reported a suspected shoplifter to the police was a state actor, noting that the arresting officer relied on the judgment of the security guard instead of making an independent investigation).

Plaintiff claims that on or about June 25, 2015, defendants conspired with the Sheriff's Office in order to retaliate against her and violate her constitutional rights. But this claim is without evidentiary support. Absent such support, the claim must fail. *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient."). The record evidence indicates no connection between defendants and the appearance of Sedgwick County Sheriff's deputies at plaintiff's house on June 25. A narrative report authored by Deputy Headings indicated that he was in contact with the ex-spouse of Moore, who said that Moore had contacted her in violation of a no-contact order. Deputy Headings's narrative report contains no reference to any involvement by defendants. Sedgwick County District Court records indicate that Moore had warrants issued on May 28, 2015 and June 5, 2015, before the events giving rise to plaintiff's claims arose. *See Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1202 (D. Kan. 1999) (noting ". . . the conduct giving rise to plaintiff's claims . . . occurred long before the police even arrived at the dealership").

Plaintiff cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). Plaintiff's lack of evidence, combined with evidence presented by defendants, demonstrates that defendants had no involvement in the events occurring on or before the June 25, 2015 incident involving the attempted arrest of plaintiff's son. Plaintiff is unable to establish the defendants are state actors or that they acted in concert with state actors. Plaintiff's § 1983 claim for constitutional violations therefore fails. Defendants are entitled to summary judgment on plaintiff's § 1983 claim.

Plaintiff allegedly asserts one additional federal claim: a conversion claim under 28 U.S.C. § 2415(b).  But that statute does not provide a cause of action upon which plaintiff may rely.  In relevant part, this statute provides:

> [E]very action for monetary damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: Provided, that an action to recover damages resulting from a trespass on lands of the United States [or] . . . an action for conversion of property of the United States may be brought within six years after the right of action accrues . . .

28 U.S.C. § 2415(b).

This statute is titled, "Time for commencing actions brought by the United States."  The title alone demonstrates the inapplicability of the statute.  The plain language of the statute further indicates that the statute does not offer plaintiff a cause of action.  This statute merely provides the time limitations if the United States were to bring an action in conversion.  This lawsuit is not brought by the United States or an officer thereof.  Defendants are therefore entitled to judgment on plaintiff's claim under this statute.

The court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Defendants ask the court to exercise supplemental, or pendant, jurisdiction over plaintiff's state law claims and grant summary judgment on those claims, as well.  In determining whether to maintain jurisdiction, a federal district court should consider "the values of judicial economy, convenience, fairness and comity."  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

First: judicial economy.  This factor weighs slightly in favor of asserting jurisdiction over the remaining state law claims.  Discovery is complete, and the only matters left for judicial involvement are resolution of the summary judgment motion and trial of the case, which is scheduled to begin in May of 2018.  These facts "ti[p] slightly in favor of the Court exercising supplemental jurisdiction." *Marker v. Retired Enlisted Ass'n, Inc.*, No. 08-00843-MSK-CBS, 2009 WL 812191, at *3 (D. Colo.

Mar. 27, 2009).  Dismissing plaintiff's state law claims without prejudice could result in "some minor duplication of effort" at the state court level.  *Id.*

Second: convenience and fairness.  These factors are neutral.  The court does not see a difference in convenience between state court and federal court.  Neither does the court believe that either court would be more fair than the other.

Finally: comity.  In a case where all federal claims are dismissed before trial, courts should "generally decline to exercise pendent jurisdiction . . . because [n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (citations omitted).  Plaintiff's state law claims do not raise any issues that would implicate federal law, and the court determines that "notions of comity and federalism" dictate a dismissal without prejudice.  *See Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("[A]ny state-law claims . . . were inappropriate subjects for the exercise of pendent federal jurisdiction where all federal claims had been dismissed."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . ."); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (citation omitted).

In this case, the court concludes that the Tenth Circuit's expressed preference for declining supplemental jurisdiction outweighs the parties' interest in preventing delay.  Any delay can be mitigated by directing the parties to notify the state court of this case upon filing.  Any discovery exchanged in this case should be utilized in state court.  The court understands that defendants seek closure in this case.  But there are no compelling circumstances that justify this court retaining

jurisdiction. The remaining claims involve purely state law issues that should be resolved by a state court. Because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary," the court declines to exercise supplemental jurisdiction over plaintiff's state law claims for conversion and intentional infliction of emotional distress. *Brooks*, 614 F.3d at 1230 (citation omitted). The court dismisses these claims without prejudice. If plaintiff refiles her claims in state court, the parties are directed to so notify the state court and use the discovery already exchanged in this case.

### Plaintiff's Motion for Summary Judgment

In light of the ruling on defendants' motion for summary judgment, the court denies plaintiff's motion for summary judgment as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike; or in the Alternative, to Exclude Evidence (Doc 126) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Evidence (Doc. 127) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 120) is granted in part. The court grants summary judgment on plaintiff's federal claims. Plaintiff's state law claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 119) is denied as moot.

The case is closed.

Dated this 25th day of January, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**