**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOAN E. FARR,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DARYL DAVIS, et al.,** )<br>)<br>**Defendants.** )<br>_____) | **Case No. 16-2180-CM** |

## MEMORANDUM AND ORDER

Plaintiff Joan E. Farr brought this action pro se, claiming defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and the Huckleberry Homeowners Association violated her constitutional rights under 42 U.S.C. § 1983. On January 26, 2018, the court granted summary judgment to defendants on plaintiff's federal claims and dismissed her state law claims without prejudice. The case is now closed. Plaintiff filed a motion for reconsideration (Doc. 136).

Plaintiff claims that she is entitled to relief because she is the victim of misconduct of an adverse party (the court) or for any other reason justifying relief. Plaintiff believes that this court is biased against her because it has denied "almost all" of her motions. Specifically with respect to the court's decision granting defendants' motion for summary judgment, plaintiff claims that the court failed to consider plaintiff's evidence and acted in an arbitrary, capricious, and unreasonable manner. She claims that the court's actions have caused her manifest injustice.

A motion for reconsideration is not recognized by the Federal Rules of Civil Procedure, but may be construed as either a motion to alter or amend the judgment pursuant to Rule 59(e), or as a motion seeking relief pursuant to Rule 60(b). *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir.

1991).  Here, plaintiff specifies that she seeks relief under Rule 60(b), so the court will analyze her motion under that rule.

Relief is only proper under Rule 60(b) in "exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).  Whether to grant or deny a 60(b) motion is committed to the court's discretion.  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990).  In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is not a proper place to reargue arguments that the court previously rejected.  *See Servants of Paraclete*, 204 F.3d at 1012.

Rule 60(b)(3) permits relief for misconduct of an adverse party.  Plaintiff characterizes the court as an "adverse party" because of perceived bias against her.  This is inaccurate.  The court is neither an adverse party nor biased against plaintiff.  To receive relief under subsection (b)(3), a litigant must prove misconduct by clear and convincing evidence.  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990).  Plaintiff has not met this burden.

Rule 60(b)(6) permits relief for "any other reason justifying relief."  Subsection (6) is the rule's "catchall" provision. It is reserved for situations in which it "offends justice" to deny relief, *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998), and applies only in "extraordinary circumstances," *Van Skiver*, 952 F.2d at 1244–45.  Extraordinary circumstances are not present here.  Plaintiff disagrees with the court's assessment of her evidence.  But disagreement with an outcome does not present the extraordinary circumstances necessary to justify relief under Rule 60(b)(6).

Plaintiff does not show a change in law, new evidence, or a valid basis for correcting clear error or preventing manifest injustice.  She is not entitled to relief under Rule 60(b).

-3-

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 136) is denied.

Dated this 14th day of February, 2018, at Kansas City, Kansas.

              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**