**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOAN E. FARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. 16-2180-CM |
| DARYL DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff Joan E. Farr brought this action pro se, claiming defendants Daryl Davis, Dennis Moon, DeAnn Coote, John Patrick Hall, and the Huckleberry Homeowners Association violated her constitutional rights under 42 U.S.C. § 1983. On January 26, 2018, the court granted summary judgment to defendants on plaintiff's federal claims and dismissed her state law claims without prejudice. The case is now closed and plaintiff has appealed a number of this court's orders (Doc. 141). Plaintiff also filed a motion for leave to appeal in forma pauperis (Doc. 142).

When plaintiff filed this case, she paid the court's filing fee. Plaintiff claims that her financial situation has changed, as one son lost his job so she is helping him, and the other son has difficulty managing his money so she often makes loans to him. She also represents that she is currently unable to make two payments that are due in the coming months.

Plaintiff's estimated monthly expenses exceed her estimated monthly income by over $150 a month. But $80 of those expenses are for "recreation, clubs and entertainment, newspapers, magazines, etc." and $280 are for charitable contributions. An additional $200 is for food and medical bills for plaintiff's 30-year-old son, who does not live in her home. The court appreciates plaintiff's willingness to donate financially to others, but this choice does not entitle her to be able to pursue

litigation without payment of court filing fees.  Plaintiff also has substantial assets, including a 2016 car valued at $13,600—on which she represents she does not owe any money—and $1,610 in a checking account.  She also has a second car valued at $2,200 with no loan.  Plaintiff represents that she is unable to pay her homeowner's insurance that is due next month, but she also indicates that property insurance is included in her monthly mortgage payment, and she lists homeowner's or renter's insurance separately as an $85 per month expense.

Proceeding in forma pauperis in a civil case is a privilege that the court has wide discretion to grant or deny.  *Cabrera v. Horgas*, No. 98–4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).  The court believes that plaintiff has sufficient assets and income to pay her filing fees on appeal.  Enough of plaintiff's expenses appear to be discretionary, such that they could be modified to cover her appellate filing fees.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to appeal in forma pauperis (Doc. 142) is denied.

Dated this <u>15th</u> day of March, 2018, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**